NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JASON SCHMAUS, Petitioner-Appellant, v. FRANCISCO JACQUEZ, Warden, Respondent-Appellee. | No. 13-55964 D.C. No. 2:10-cv-00644-DDP-VBK MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Argued and Submitted March 8, 2018
Pasadena, California

Before: GOULD and MURGUIA, Circuit Judges, and ZOUHARY,** District
Judge.

Petitioner-Appellant Jason Schmaus appeals the district court's decision

denying his petition for a writ of habeas corpus. Reviewing *de novo*, we affirm. *See*

*Sanders v. Ratelle*, 21 F.3d 1446, 1451 (9th Cir. 1994).

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\** The Honorable Jack Zouhary, United States District Judge for the
Northern District of Ohio, sitting by designation.

The district court certified two issues for appeal regarding Schmaus' claims that his trial counsel was ineffective. Schmaus raised three uncertified claims on appeal, which are also based on his trial counsel's alleged ineffectiveness. We certify the three uncertified issues because Schmaus has made a "substantial showing of the denial of a constitutional right" and reasonable jurists could debate the federal district court's resolution of the claims. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

"An ineffective assistance claim has two components." *Wiggins v. Smith*, 539 U.S. 510, 521 (2003). First, a "petitioner must show that counsel's performance was deficient." *Id.* Second, the petitioner must show that the "deficiency prejudiced the defense." *Id.*

1) In his first certified claim, Schmaus claims that his trial counsel was ineffective for offering the testimony of alibi witness Robert Garland. Schmaus claims that his trial counsel decided to have Garland testify, despite knowing that Garland would commit perjury. Schmaus argues this decision was detrimental to his case because the government easily impeached Garland. It is not clear that Schmaus' trial counsel knew Garland was lying and would commit perjury because, as Schmaus himself admitted, Schmaus provided his trial counsel with conflicting versions of the events surrounding Steven Hampton's murder. Although trial counsel has a duty to make reasonable investigations, including

2

investigating an alibi witness, *Bemore v. Chappell*, 788 F.3d 1151, 1162–63 (9th Cir. 2015), given the lack of clarity regarding the events surrounding Hampton's murder, his trial counsel's decision to have Garland testify may have been a tactical decision that was not unreasonable, *see Strickland v. Washington*, 466 U.S. 668, 690–91 (1984). In addition, Schmaus did not provide this Court, or the state court, with a declaration or other evidence from his trial counsel to shed light on her tactical choices at trial.

Even assuming Schmaus' trial counsel was deficient in her performance when she presented Garland as a witness, Schmaus has failed to demonstrate that he was prejudiced. At trial, the government's cooperating witness testified that Schmaus was involved in developing the plan to murder Hampton and that Schmaus stabbed Hampton with a shank about ten times. Schmaus also had tattoos of the date of the murder and Hampton's nickname, suggesting that Schmaus had participated in Hampton's murder. There were statements and testimony from witnesses that Schmaus told the witnesses that he had stabbed Hampton. Finally, the government presented evidence regarding the Aryan Brotherhood and Nazi Low Riders prison gangs to show that Schmaus was associated with those gangs and the gangs' rules provided motivation for Hampton's killing.

Because there was overwhelming evidence that Schmaus was involved in murdering Hampton, he cannot show "that there is a reasonable probability that,

3

but for counsel's [alleged] unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Schmaus fails to show he was prejudiced by his trial counsel presenting Garland as a witness and his ineffective assistance counsel claim on this basis fails.

2) In his second certified claim, Schmaus claims that his trial counsel, by presenting Garland and a defense theory that was in direct conflict with what Schmaus now asserts is the truth and what he would have testified to at trial, prevented him from exercising his right to testify. As Schmaus' argument goes, he could not testify and present the truth after Garland committed perjury because presenting the truth at that point would have destroyed his case. For the same reasons as above, Schmaus cannot show prejudice and this claim also fails.

3) In his first uncertified claim, Schmaus contends that his trial counsel was ineffective because she should have known that the plea bargain the prosecution offered was based on an incorrect determination that he had a prior "strike" conviction, which doubled the sentence of imprisonment in the plea offer. A defendant's Sixth Amendment right to counsel, including effective assistance of competent counsel, extends to the plea-bargaining process. *Lafler v. Cooper*, 566 U.S. 156, 162–63 (2012). Schmaus' trial counsel's representation where she apparently did not investigate Schmaus' criminal history and failed to correct the

4

error in the plea offered to Schmaus fell below an objective standard of reasonableness.[1] *See Strickland*, 466 U.S. at 688.

In the context of pleas, to establish prejudice under *Strickland*, the defendant "must show the outcome of the plea process would have been different with competent advice." *Lafler*, 566 U.S. at 163. The prior "strike" conviction had a significant impact on the plea offered to Schmaus, and the prosecutor may have offered Schmaus a better deal if the error in Schmaus' criminal history had been corrected. The prosecutor, however, only offered an "all or nothing" group plea deal. All the co-defendants had to accept the plea offer or no one could. Schmaus' co-defendants did not accept the plea offer, and so Schmaus would not have been able to take advantage of any plea. Accordingly, even if Schmaus' trial counsel had acted competently, the plea process would not have been different and Schmaus' claim on this basis fails.

4) In his second uncertified claim, Schmaus claims his trial counsel failed to investigate or present evidence at trial that Schmaus was physically and mentally impaired at the time of Hampton's murder. Even assuming Schmaus' trial counsel's performance was deficient, for the reasons stated above, he cannot show prejudice in light of the evidence presented against him at trial. *See Strickland*, 466

---

[1] That Schmaus did not have a prior "strike" conviction is not disputed. The prosecutor in the case submitted an affidavit after trial acknowledging the error in Schmaus' criminal history, and the parties do not dispute this fact.

U.S. at 692. Moreover, there is nothing in the medical examination report that Schmaus now submits that undermines any of the elements of his crime. Accordingly, Schmaus' claim fails.

5) In his third and final uncertified claim, Schmaus contends that the district court erred in denying his request for an evidentiary hearing and motion to appoint counsel. Schmaus' basis for requesting the hearing and appointment of counsel were his ineffective assistance of counsel claims, and because those claims fail, there is no basis for a hearing or appointment of counsel. *See* Rule 8(c), Rules Governing Section 2254 Cases in the United States District Courts. Accordingly, this claim is also denied.

**AFFIRMED.**